IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2008

Charles R. Fulbruge III
Clerk

No. 08-30365
Summary Calendar

NICK E EUBANKS also known as, Peety Eubanks

Plaintiff - Appellant

v.

JAMES E JORDAN also known as, Buddy Jordan; GREGG DAVIS, Chief
Deputy; RAYMOND WHITTINGTON, Warden

Defendants - Appellees

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 1:05-CV-1532

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff Nick E. Eubanks appeals from the district court's summary judgment in favor of Defendants on his claims under 42 U.S.C. § 1983 and LA. CIV. CODE ANN. art. 2315. According to Plaintiff, Defendants denied his due process rights as a pretrial detainee and were negligent under Louisiana law because they failed to protect him from an attack by an unknown assailant that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seriously injured him. In the alternative, Plaintiff asserts that even if he was not assaulted, but accidentally fell from the upper bunk in his cell, Defendants wrongfully failed to ensure that he was assigned to a lower bunk based on his disclosed back problems and prescription for methadone. Reviewing the summary judgment de novo, we AFFIRM.

Plaintiff contends that the district court improperly excluded as hearsay the affidavit of an inmate, David Hatten. Hatten's testimony claimed that a deputy, Todd Williams, made statements suggesting that he had directed another inmate to attack Plaintiff because he had complained about not receiving his medicine. Plaintiff further asserts that Sheriff Jordan's knowledge and disregard of inadequate security at the jail is demonstrated by his failure to adopt a recommendation by the Winn Parish Grand Jury that the jail install additional security cameras. To establish Defendants' individual liability under § 1983 for failure-to-protect, Plaintiff must show that Defendants subjectively knew that he faced a substantial risk of serious harm and were deliberately indifferent to that risk. See Hare v. City of Corinth, 74 F.3d 633, 649-50 & n.4 (5th Cir. 1996) (en banc); Scott v. Moore, 114 F.3d 51, 53-54 (5th Cir. 1997) (en banc).

Here, Plaintiff admitted that he never voiced concerns regarding his personal safety to jail officials, and no evidence suggests that other attacks had occurred in the jail. Thus, even if Hatten's affidavit were considered alongside the other summary judgment evidence, including the recommendation by the grand jury, we agree with the district court that Plaintiff failed to raise a genuine issue of material fact that Defendants were actually aware of a substantial risk to Plaintiff's safety. There is similarly no evidence that Defendants knew that failing to assign Plaintiff to a lower bunk was substantially likely to result in his injury. In sum, Plaintiff failed to show that

Defendants acted with subjective deliberate indifference, and summary judgment on his § 1983 claim was therefore proper.

For much the same reasons, we also agree with the district court that the lack of evidence that Defendants knew of or had an adequate reason to anticipate a threat to Plaintiff's safety also defeats Plaintiff's negligence claim under Louisiana law. For negligence liability to attach, "the law requires at least adequate reason to anticipate harm and failure to take reasonable action to avert it." Parker v. State, 282 So.2d 483, 486 (La. 1973) (emphasis added). Based on the record evidence, including Hatten's affidavit, we find no genuine issue of material fact that Defendants knew or should have known that Plaintiff would either be attacked or would fall from his bunk.

AFFIRMED.